The issue before the Court today, the sole issue before the Court, is whether the District in finding that Mr. Scribner was not prejudiced by counsel's deficient performance in misadvising Mr. Scribner what his guideline sentence was, allowing him also to take that into consideration before he decided whether or not to go to trial in this case. There is, of course, no dispute that trial counsel was deficient. Trial counsel had advised Mr. Scribner that if he pled to the offense that he would only receive 30 to 37 months as a guideline range for a sentence of imprisonment. And then if he took the case to trial on counts 1 and 3, that he would be facing 37 to 46 months, about a 7 to 9 month difference. Mr. Scribner opted to go to trial. He went to trial, was convicted on count 3, found not guilty on count 1. And ultimately when the PSR came back and trial counsel reviewed it, that was the first time she noticed that Mr. Scribner was enhanced based on the career offender enhancement. As a result of that, his guideline sentence was 210 months to 240 months. Had Mr. Scribner been properly advised of his sentencing guideline calculation based on that career offender enhancement and pled to the offense, accepted the plea agreement that was proposed by the government to be able to plead to count 3, which his co-defendants did, then his guideline range with acceptance of responsibility became 151 months to 188 months. A huge, gross disparity in a guideline calculation. Could I ask a question about what you're seeking? Because in your prayer you say that you want to vacate the instant conviction and remand for new proceedings. But why wouldn't, if the district court erred in not deferring to the factual findings of the magistrate judge without conducting its own hearing, why wouldn't instead the remedy be remand for the district court to conduct its own hearing or else other proceedings? Why wouldn't, why do you automatically win total relief rather than just having the district court get to go back? And I, this is an assuming argument, I know that you're correct on your first argument. Sure. Understood, Your Honor. I think that in essence the remedy that the relief that would be applicable in the case would be to allow the case to be remanded back to the court and allow the plea agreement that was offered to Mr. Scribner, allow him the opportunity to accept that plea agreement and then have the sentencing proceedings be based on that. So I think that's the remand back to the district court where he has that opportunity. If the issue is the district court made a factual finding that it shouldn't have without its own evidentiary hearing, if that's the issue and the problem, then the district court could on remand conduct its own evidentiary hearing. Well, what happens is there was an evidentiary hearing. Before the magistrate judge. That's correct, Your Honor. And through the processes of how that worked, it was referred down, the district court reviewed the evidence at the evidentiary hearing and also what was in the record and made the de novo finding. And what's interesting about the case is that after the magistrate judge entered her findings and conclusions and recommendations to the district court judge, neither side objected. There were no objections to her recommendation that relief should be granted. However, the district court took it sua sponte, de novo review, and came to differing conclusions. Right. Carefully, the government doesn't argue that that's the right answer. It just says the court didn't err and is stuck with defending the district court's decision. Go ahead. Right, and I think that that's what the district court decided to do. The district court could have, could it not have, said I want to hear this for myself. The district court decided not to. The district court decided to rule, base its ruling on the record before it, with the evidentiary hearing. That's a credibility finding. I mean, you had three steps to go through. And he agreed that with respect to the first step, the man was willing to accept a plea agreement if it had been offered. That's correct, Your Honor. But, and that is a credibility finding because the individual testified that he would have. That's correct, Your Honor. But then secondly, I mean, he's got to show that the government would have accepted the, would have accepted, that the court would have accepted the plea agreement. That's correct. Now, that's not a factual question. That is a legal question for him to decide whether under these circumstances a court would have accepted the, would have accepted the plea offer. And he made a legal decision. No, he would not because the man had not accepted his responsibility. Is that correct? Yeah. How can that be? I'm sorry, Your Honor? Is that correct? Is that really a legal decision or is that a factual decision under, under Lafler and its progeny as to whether the district, the court would have accepted? I think I would, I would maybe characterize it as a mixed question of law and fact. Well, what are you going to do? Are you going to call the district court who made the decision? Are you going to, who, I mean, obviously the plaintiff doesn't know the answer to that. If the plaintiff said the district court would have accepted the plea, he doesn't know that. That's not a credibility finding. Well, Your Honor. Where is the fact in it? Where is the fact issue? The fact issue in that regard is whether the court would have accepted it is based on the facts as the court interpreted it through the record is my understanding, Your Honor. He went through Mr. Scribner's testimony and said these facts that were stated in the record, I would not, I cannot conclude based on these facts. Cannot reach a legal conclusion. That's right. In other words, there may be an underlying factual error that he made in reaching his legal conclusion, but the conclusion is one of law. Now, if you say that, where is the factual error that he made that infects his legal conclusion? I would say that the factual error that he made, Your Honor, is that he stated that Mr. Scribner throughout the course of the testimony and the hearings in the record had this dogged insistence of his innocence. And that's not correct, and that is belied in the record because in the record on page 139, the question is asked of Mr. Scribner by the government. Well, then, do you believe that you are guilty of possession of intent to distribute marijuana as an aider and a better? Answered by Mr. Scribner, yes, sir. He has admitted to being guilty of that offense, and if you go. He says the law says I'm guilty. I'm not guilty. I don't feel the law is wrong. I accept no guilt for this. I don't accept it. The law puts the guilt on me. I accept no responsibility. I mean, that is a fair reading if the district court wants to reach it. Your Honor, I think that a further reading of the record on page 139 discusses the mentality, the knowledge that Mr. Scribner had or did not have when he was making those conclusions back at the time before the error occurred. I mean he came to Jesus after he got a big, stiff sentence, and that's when he decided that he would engage in all of this plea colloquy and what happened to him. I would disagree. The district court said I don't credit what he says now. I credit what he says then. I would disagree, and I also would argue this to the court, that the judge deferred to the magistrate's findings of credibility. The magistrate judge found that he was credible, that there was a reasonable probability that he would have accepted that plea agreement. And in the testimony that the magistrate judge found to be credible and true is where this statement is there. Are you guilty of possession of intent to distribute marijuana as an aider and abetter? Yes, sir. She found that to be credible. She found that to be true and that had he been given the opportunity to have a plea agreement, he would have accepted it. Now, here's what the interesting part is, Your Honor. The normal process of a plea is that counsel will advise the client of the elements of the offense, the facts of the case, and the guidelines and where they fall. The client agrees and accepts that. What do they do? They sign the plea agreement. They sign the factual resume. There's a rearrangement hearing before either the magistrate court or the district court judge. They go through that, and they ask the client, how do you plead? And they plead guilty. Then what happens? There's a PSR and a sentencing hearing. If a client has come into court under the Rule 11 proceedings, signed the factual resume, admitted to the elements of the offense, and has deemed guilty, they will also be deemed to have accepted responsibility. And in that regard, when it comes to sentencing the PSR, they are given the acceptance of responsibility points. Okay. Are you telling me, though, that there is no element of contrition in accepting responsibility for the crime you've committed? I think the contrition comes when they enter their plea of guilty, Your Honor, and are willing to face the consequences of their wrongdoing. In this regard, there are many— This man, he was not willing to face it. He was going, but he wasn't coming to the court willing to face the consequences. Many came in dragging and screaming. He didn't think he was right. Is that true? I think that if you really read the transcript of the record and you see, from a defense attorney's perspective but also in the record, you see what's going on prior to this error. Prior to this error, the defense attorney advises him, you are only facing 30 to 37 months if you plead. But if you go to trial, it's only 37 to 46 months, and he's already been sitting in jail for seven months, and he doesn't see a big risk. But it also is not explained to him, the issue of aiding and abetting. Something that bothers me about what the district court did, and perhaps you have some comments on it, is that the magistrate judge makes a statement that it's not even in dispute that the court would have accepted it, that all the parties agree. Right. And the government doesn't object to that determination by the magistrate judge. Right. And then all of a sudden, without hearing new facts, the district court says, no, he had a dogged insistence of innocence, which I would say that part is factual. So I'm troubled by the fact that everybody agrees in the magistrate judge court, and so there's no even issue on it, and nobody objects to the report. And then all of a sudden, that's the seminal point on which the district court makes a different factual or legal or mixed determination. Right. And I think the reason that nobody objects to that is because everybody understands that if he accepts the plea agreement and he goes to court, then as well as the – for instance – Excuse me, Judge, before you go. Yes, Your Honor. I mean, following up on what Judge Elrod said, they all agreed on what I would call a legal issue, that they had no authority that could be overruled by the court. But they couldn't be overruled by the court perhaps if the government didn't object to the report of the magistrate on that basis. Did the government raise that objection whenever it made – whenever it appealed, I guess. What do you do whenever they appeal the recommendation? After the recommendation was entered, counsel for both parties has 14 days to file any written objections to that finding for the district court to consider upon review. No objections were filed by either party to that point. Is the government required to file an objection to the magistrate's finding that he would have accepted – that the court would have accepted the plea agreement? I don't know that the government is required to do so, but if they want to preserve that issue for the district court's review, in essence, I think it would be prudent to bring that to the court's attention of why they disagree with the magistrate's finding in that regard. But the district court can review that de novo. And that is at the proper standard of review for the district court, and this is to review the magistrate judge's recommendation de novo before he signs the order. Obviously, the magistrate could not enter a final order on the case. That's correct. If the district court judge wanted to accept the magistrate's recommendations in full, then he would issue an order so doing. In this regard, he agreed on the first prong of Loeffler but then disagreed on the second and third prong of Loeffler, Your Honor. Did the parties brief this matter before the judge ruled or no? No. He ruled sua sponte. He ruled sua sponte. There were no objections made, and then when he issued his order and denied a certificate of appealability, that's when we went forward to this court to have that reviewed. And I see my time is almost up, Your Honor. I'll save the rest for rebuttal. Okay. Thank you, Mr. Ross. Mr. Fennell. Good morning. May it please the Court. My name is Tim Fennell. I represent the government in this matter. For this court to reverse the district court, Mr. Scribner has to show that both of the district court's factual findings were clearly wrong. Is that true? Can the district court make factual findings without an evidentiary hearing? You say it must show that their factual findings are clearly wrong. The district court's not in a position to make factual findings after the Lewis case, is it? Yes, it is, Your Honor. I would point the court to cases that we've cited in our brief, the Gramas and the Moore case, where this court specifically remanded to—or excuse me, in the Gramas case, remanded to the district court to make factual findings. In the Moore case— Right. It could make them, but it didn't make factual findings. The magistrate judge did. The Lewis case says that if the court doesn't have its own hearing, it can't make its own findings that are contrary to the magistrate judge, doesn't it? Well, I would respectfully disagree with that, Your Honor. And again, the Moore case— You disagree with the Lewis case or you think it doesn't say that? I don't think it says that. Okay. I would point to the Moore case where on the 2255 proceedings before the district court, there was no evidentiary hearing. The district court made factual findings based upon the existing record and the 2255 pleadings that were sworn to by the defendant. It came up to this court, and this court said that there was no error in not conducting an evidentiary hearing, and it found that the district court's factual findings were supported. Right, but the district court has to have an opportunity to observe the witnesses in the gap whenever it's not just—if it's going to have opposite factual findings of the magistrate judge. Well, Your Honor, it's true that the district court needs a record to make factual findings, and it's also true that it should defer to the magistrate on credibility findings in the absence of its own hearing. In this particular case, what the district court did is it deferred to the magistrate judge on the single credibility finding that she made based upon the testimony, and it's in the magistrate judge's written decision. She made one isolated credibility finding, and that only went to the first Lafler criteria. The magistrate judge did not make credibility findings with regard to the other two criteria that the court has indicated, and those are findings of fact. This court has indicated that those are factual findings. There are also questions of law, of course, as to whether there was an acceptance of the plea or the court would have accepted the plea.  Right. Whether or not he doggedly insisted is a fact issue. That the district court can make based upon the magistrate act, the magistrate judge act, what it's allowed to do, its de novo review, its deferral on credibility findings, and its examination of the existing record. But that finding is inconsistent with the determinations that the magistrate judge made about the witness and the willingness to plead, and it's also inconsistent with the position of both parties before the magistrate judge that no one contested that it would have been accepted. The magistrate judge makes a finding that says no one contests that it would have been accepted. Well, again, I would disagree that the record before the magistrate judge showed that the government somehow conceded or did not dispute the first two Lafler criteria. We disputed all three of them. Did you file an objection to the magistrate report when the magistrate judge says no one contests this? Did you say, oh, we contest this. You're wrong, magistrate judge. We did not file an objection, Your Honor. Our position is that our dispute was in the record already based upon our written opposition to the 2255 motion, which is before this court and can be reviewed, and also based upon our questioning and argument at the evidentiary hearing. The district court corrected the magistrate judge on those points, and that's an important aspect of the district judge's ruling is that he specifically goes back and says, according to the magistrate judge, this was not disputed by the government. That is incorrect. And then he actually quotes from the portions of the evidentiary hearing where we disputed it. He quotes from our written response to the 2255 where we disputed it. The only thing that was not in dispute was that there was deficient performance based upon the erroneous advice about the guideline range. I ask you, I mean, how is it a finding of fact that a judge would have accepted the plea? In other words, there's no testimony about whether he would or not. It's all built upon certain accepted facts, and under these facts, would he have accepted the plea? Why isn't that a legal question, that on the basis of these facts, I conclude the judge would not have accepted the plea? I think ultimately it is a legal conclusion, Your Honor. However, there are facts that underlie that. But isn't the judge fully authorized to take the same undisputed facts that the magistrate took and make a conclusion that is different from the magistrate as to whether he would have accepted the plea or not? The judge is entitled to do that, Your Honor, and he's entitled to do that based upon the entire record that has been developed before him on the 2255 hearing. And respectfully, counsel quoted from one line of the evidentiary hearing. The district court didn't just look at one answer that this defendant gave. If you look at the district court's decision at pages 84 through 86 of the record, he meticulously goes through this defendant's testimony. And this defendant essentially did this at the 2255 hearing. He says, I'm not guilty of count three. I didn't share the intent to aid in a bed. I didn't show up there that day at that house with any such intent. I did not distribute marijuana. I did not manufacture marijuana. I deny factual guilt. And that's an important distinction. And then he simultaneously says to the court essentially this. But I'm a savvy guy, and I would have done and said what I needed to do at a rearrangement hearing in order to not only plea guilty but have the district court accept my plea. I would have done and said what I needed to do. I've been around the block. I know that I'm— He didn't need any lawyer coaching to come to that conclusion. That is what he's trying to tell the magistrate judge and the district court through his testimony at the evidentiary hearing. And the district court looks at that and says those are two diametrically opposed things. Here you are, Mr. Scribner. You are at the 2255 hearing, the very moment when you would want to accept responsibility, factual responsibility, because as this court has said previously, you have reversed convictions on facts that were admitted by the defendant because these facts that he admitted to at the 2255 hearing supposedly supporting his guilt were legally insufficient to establish guilt. A defendant at a Rule 11 hearing, at a rearrangement, obviously we're talking about divided responsibilities at a Rule 11 hearing. We have a defendant who says I'm going to accept the plea, and he goes in and he swears to tell the truth and answer the judge's questions. And we have a whole set of questions that are designed to make sure that the defendant is doing so knowingly and voluntarily. We also have an obligation on the judge, and the judge in accepting that plea has to hear enough stipulated facts to actually find that the commission of the offense occurred. If the defendant doesn't admit enough facts, then the judge doesn't have enough facts before him or her to say I can adjudge you guilty. And as this court has said previously, factual guilt is different than legal guilt. So Mr. Scribner getting up at the 2255 hearing and saying in one instance, one isolated instance, I would have admitted my guilt. Well, that's meaningless. That is a legal conclusion. The question, Mr. Scribner, is would you have admitted your factual guilt? And he could not even bite his lip and bring himself to do that at the 2255 hearing. And that's what the district court very appropriately said. If you can't do it now, how in the world can I conclude that you would have done it back then? But in the question, not whether you admit your guilt, but whether you accept responsibility for your crime. Not admit the crime. You have to accept responsibility. And doesn't it – I mean I think the cases have pretty clearly indicated that somewhere in there is an element of contrition. Absolutely. And that goes to the third factor under LAFLA. Another finding that the district court made that Mr. Scribner did not satisfy his burden. Because as counsel throughout the 2255 hearing, and not this particular counsel, but counsel at the 2255 hearing and on appeal, has almost assumed that the hearing would have gone through without a hitch. He would have gotten his acceptance of responsibility points. That's because y'all also assumed it before the magistrate judge. According to the magistrate judge's determination that it wasn't contested. Were you the lawyer? I was at the 2255 hearing, yes, Your Honor. Then why didn't you file an objection saying that we don't agree that that element has been satisfied? Well, again, filing objections is not required.  We haven't answered the question. I went back and looked for that. There's not a – we haven't gone one way or the other in this circumstance, but at least one circuit says that objection would be required if you're contesting a finding that the magistrate judge made. Well, as the district court pointed out in its ruling, it had an obligation to review the record on its own. And in doing so, it had no trouble – I'm not saying whether the district court can review on its own. I'm asking you why didn't you file an objection if that's such a key point that there wasn't a concession or agreement on the point? Well, it's our position that it was already clear in the record. Right, but normally you would bring something to the district court's attention, right? But it's irrelevant to the outcome here because the district court possessed the authority to do what he did with or without objection. Well, that's why we're here today to determine if it is irrelevant. No, I think that's pretty clear. We can be faulted for making a wrong tactical choice, but that doesn't mean – Okay, but do you agree that it would have been helpful to have done that? Absolutely, it would have been helpful. Okay, that's – Sure. Okay, but did that hinder the ability of the other side to know to put that on as evidence? Because if there's something that's not contested, you don't put on as much evidence about it at the hearing. You just make a bare-bones thing if it's not contested. Whereas if something is hotly contested, then you put on all sorts of evidence. I'm trying to get the context. I have the information on the hearing. Sure, and I'd be happy to give you some very important context, which is this was fully briefed before we got to the hearing. The defense had submitted its briefs. The government had submitted its response, its written response to the 2255. We laid out all of our facts, our analysis, our disputes, and the only portion of this that was agreed to was deficient performance based upon the advice. Everything else was in dispute. So the defense was on notice going into the 2255 hearing about the government's position. You just made an error on that, assuming that it was not contested. Yes, Your Honor, and I'm not the only one who thinks that. The district court said that. And the district court's decision here is the one that is in question, really not the magistrate judge's decision. Again, as I indicated before, the magistrate judge made one credibility finding. That's it. The only credibility finding is that Mr. Scribner would have accepted the plea agreement. Well, that doesn't answer the next two questions under Lafleur, because if it did, we wouldn't need those other two questions. This is an interesting example of a case that the dissent in Lafleur could have used. They said that there was going to be an issue about whether the courts and the factual issue and how do you prove up the factual issues of whether the court would take the plea once they went down this path. So it's a very fascinating example of that. It is, and the Supreme Court in Lafleur was careful to distinguish between what the defendant would want to do in terms of accepting the offer and the district court's acceptance of the offer's terms. And as this court has said before, implicit in the district court's decision whether to accept the guilty plea is that there is enough factual guilt that is admitted. And, again, segue to the acceptance of responsibility, which is something that Your Honor, Judge Jolly has brought up, is that there has to be clear acceptance of responsibility. And the district court here didn't just say that Mr. Scribner failed to meet his burden, that he would have clearly accepted responsibility. He said that the evidence is to the contrary. And all you need to do is look at what the district court recites from the entire 2255 hearing where Mr. Scribner repeatedly said, I went over there to throw away the trash, and that marijuana was trash. I didn't intend to distribute it. I didn't aid in a bet. I didn't share the intent. In Note 5 of the district court's decision, it talks about aiding and abetting liability and how to this day the district court notes, Mr. Scribner says, I didn't share the necessary intent to aid and abet. He has a difference of opinion on what the law requires. And I have a question regarding that, that you said that contrition is part of what he needed to show. Although they're not recommended in the manual, you can sometimes even take an Alford plea where you continue to maintain your innocence while you still get the acceptance of responsibility. If you can take an Alford plea and get acceptance of responsibility, then how can contrition be part of it? Well, the way that the guideline reads, of course, is that you have to clearly accept. And while going to trial, while maintaining innocence at trial isn't necessarily a precursor, other things can show that you lack acceptance of responsibility. And here, Mr. Scribner, through his statements, both in his 2255 pleadings and his testimony, as the district court said, and that is fair game evidence for the district court to consider, there is an insufficient, barren record that he clearly accepted responsibility. And also an Alford plea— But contrition is not always required for acceptance of responsibility, correct? Admission of— Of responsibility for the incident, but not necessarily contrition. Yes, that's—I would—to make that distinction, I would agree with the court that it has to be— Because if you can take a plea from someone who stands there and says they're innocent, but they're going to plead guilty, then contrition can't always be an element. It can't always be. However— It's the exception when it's not. Yes, and also— Or you can't rob a bank and say, I'm not sorry I did it, and expect to have an acceptance of responsibility benefit from two-point reduction. Yes, Your Honor, and a couple other points. An Alford plea was not the offer. Right. I'm not—I'm just—I was hypothetical trying to test that point. Right. And so that would undercut the idea of what the offer was, because that clearly was not the offer. But then we also have a defendant who is affirmatively denying the underlying conduct for the offense of conviction. Recall, he was not convicted of count one conspiracy. He was only convicted of count three. And he was not being held accountable under the guideline calculations for anything other than the drugs that were quantified based upon that house that he was found in. There were other homes involved. So it's not as if he is being held to the unreasonable standard by the district court. You didn't admit to relevant conduct. You didn't admit to the other conduct from the other homes. The district court would have erred if it had done that. It didn't do that here, and it didn't need to do that here, because his relevant conduct was cabined solely to the same offense of conviction that he refused to accept responsibility for. He refused to admit factual guilt. I would respectfully ask the court to affirm the district court. Thank you. Okay, Mr. Fano. Thank you very much. Mr. Ross? Just a few points briefly, Your Honor. Mr. Scribner appealed his conviction, and the court issued an opinion, of course, in that appeal. As cited in the record, the Fifth Circuit, the court said, what did Mr. Scribner admit to? And this is what it said. Further, Scribner acknowledged that he had been hired to dismantle the grow house and move the contents via a U-Haul truck to another location. He further acknowledged to dismantling another grow house belonging to the same organization days before his arrest, and Scribner admitted to knowing that the organization was involved in the distribution of marijuana and that it consisted of several grow houses. That's his testimony. That's what he admitted to, which fits the offense of aiding and abetting. If you look at the offense of aiding and abetting, the elements of aiding and abetting, to convict under the aiding and abetting theory, the government had to prove the underlying substantive offense that occurred and that Scribner associated with the criminal venture, which he did. Two, that he participated in the venture. By dismantling the grow house, he participated. And three, he sought by action to make the venture successful. His actions of dismantling the grow house and trying to cover up or dispose of that helped seek that the venture would be successful, if the police didn't find out. And he possessed the key to the house. Those facts, Your Honor, are consistent in his testimony and what he had stated and what the court found here is consistent with guilt. It's consistent with factual guilt and legal guilt. The problem is, and it's unfortunate, if you go back to the very beginning when Mr. Scribner was being counseled by his trial counsel, these facts support a guilty verdict on count three for aiding and abetting. And so he has. Now, unfortunately, maybe he didn't fully understand the law. Maybe in his mind, as he stated, I wasn't possessing with the intent to distribute necessarily, but did he participate? Did he aid and abet the offense? Absolutely. Is this man a carpenter? Is that basically what he is? No, it was just dismantling the grow house, the equipment for the hydroponic marijuana. Not the house, but just the equipment in the house to dismantle it. He did that, and I think what's unfortunate in this case is the erroneous advice that he likely received from the very beginning of what the law is, what the law requires, and how you're factually guilty of that offense of count three. Now, he was only facing, according to trial counsel, 30 to 37 months if he pled or 37 to 46 months if he went to trial. Not a big risk. But he admitted to his factual guilt to aiding and abetting. But when you have such a gross disparity, if somebody says, oh, you know what, if you're going to go to trial on this case, you're actually going to be facing 210 to 244 months if convicted, then you start thinking a little bit more. This man had a criminal record? Significant criminal record. That's why he was a career offender, which enhanced the disparity which trial counsel missed in counseling him. It's such an unfortunate situation when trial counsel, from the very beginning, and the defendant, when the defendant receives ineffective assistance to counsel and the counsel's performance is deficient. If we could go back and unring the bell, I would really couch it in terms of this briefly. The magistrate judge found that Mr. Scribner was credible in that he would have accepted the plea agreement based on the full totality of the record. If that's true, then let's take it back and put him in that place. What happens? The district court judge is not privy to all the internal attorney-client communications that came out at the trial. The district court judge is not privy to he was doggedly insistent on his innocence. But had the elements of the offense of aiding and abetting been properly explained, maybe that would change his mind. If he's facing 210 months to 244 months if convicted, maybe he looks a little bit closer at it. But why isn't the district court judge in as good a position as anybody to read the record and determine whether or not he would find acceptance of responsibility? But that's the interesting question. I mean, if you go back to how the procedure would have taken place, if he would have accepted, and the district court judge did, accept that Mr. Scribner would have accepted the plea agreement, then what necessarily follows? A factual resume, an admission of guilt, and then it goes to the PSR, then it goes to sentencing, and then it goes to acceptance. That's the natural progression of how it should have occurred and would have occurred. And if that's the case, then Mr. Scribner has shown prejudice. Thank you, Mr. Rawls. Thank you, Your Honor. I believe you're a court opponent, are you not? I am, Your Honor. And the court would like to express its appreciation for your services, and you've done a splendid job for your client, and we certainly thank you for it. Thank you, Your Honor.